FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

GILBERT LOPEZ     *
         *
VS.         *   CIVIL ACTION NO. **B-02- 025**
          *
AVENUE A, INC.     *

### NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW AVENUE A, INC., Defendant in the above entitled and numbered cause, and files this its Notice of Removal of the present cause from the 404th Judicial District Court of Cameron County, Texas, in which it is now pending, to the United States District Court for the Southern District of Texas, Brownsville Division, showing the Court as follows:

1.   This cause was commenced in the 404th Judicial District Court, Cameron County, Texas, on February 13, 2001, when Plaintiff's Original Petition was filed in Cause Number 2001-02-752-G. A copy of Plaintiff's Original Petition is attached hereto and incorporated herein for all purposes to this Notice of Removal.

2.   Defendant Avenue A., Inc. was served with a copy of the Plaintiff's Original Petition through its registered agent on February 27, 2001. A copy of the Citation served on Defendant indicating date of service is attached hereto and incorporated herein for all purposes.

3.   Plaintiff alleges in Plaintiff's Original Petition that he is a resident of Cameron County, Texas. Plaintiff is therefore a citizen of Texas.

4.   Defendant Avenue A, Inc. is a foreign corporation, incorporated in the State of Washington, with its principal place of business in Seattle, Washington.

5.     Defendant Avenue A, Inc. removes this action pursuant to 28 U.S.C. § 1441(a). This court has original jurisdiction over this action because it is between citizens of different States and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

6.     In his complaint, Plaintiff claims that Avenue A invaded his privacy and unjustly enriched itself at Plaintiff's expense. *See* Complaint at 16–17. Plaintiff seeks damages, as well as disgorgement of monies wrongfully obtained, and declaratory and injunctive relief. If Plaintiff proves that his privacy has been invaded, he likely will seek to recover damages for (1) the harm to the specific interest in privacy resulting from the invasion, (2) mental distress proved to have been suffered if it is the kind that normally results from such an invasion, and (3) special damage of which the invasion is a legal cause. *See* Restatement Torts 2d § 652H (1977). As the Texas courts have recognized, "there is no certain standard to measure damages of [mental distress] as they cannot be proven with certainty and accuracy. Therefore, the question of damages, if not excessive, is properly left for the jury to determine. There are no objective guidelines by which [courts] can measure the money equivalent of mental distress. Much discretion must be allowed the jury in fixing the amount." *Tidelands Automobile Club v. Walters*, 699 S.W. 2d 939, 945 (Tex. Ct. App. 1985).

7.     In this case, Plaintiff claims that Avenue A engaged in widespread commercial usage of sensitive information concerning Plaintiff's personal affairs. *See* Complaint at 16. Although Plaintiff claims in his complaint that the aggregate amount of each claim is less than $75,000, *see* Complaint at 1, his recent discovery responses now confirm that plaintiff nevertheless believes that a proper damage award could exceed $75,000. Specifically, in responses to Requests for Admission, Plaintiff refuses to admit (1) that he will not accept a jury award exceeding $75,000 in total damages per

individual, or (2) that he will stipulate to accept no more than $75,000 in total damages per individual. *See* Plaintiff's Responses to Defendant's First Set of Requests for Admission Nos. 5 & 6 (Feb. 7, 2002). Given the fact that Plaintiffs in Texas are not limited by the amount of damages pled in the complaint, this case presents the exact scenario that the Fifth Circuit Court of Appeals recently predicted:

> These new rules have created the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading.

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). *See also Manguno v. Prudential Property & Casualty Ins. Co.*, No. 01-30411, 2002 U.S. App. LEXIS 223 at *10 (5th Cir. Jan. 8, 2002) (same).

8.     Avenue A respectfully submits that it has shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000. Because Plaintiff will not agree to a binding stipulation to accept only $75,000 or less in damages, the amount-in-controversy requirement for diversity jurisdiction is satisfied and removal is proper in this case. *See De Aguilar*, 47 F.3d at 1412 ("Absent such a statute [limiting a plaintiff's recovery], litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints"); *see also Manguno*, 2002 U.S. App. LEXIS 223 at *10-*11; *Ray v. State Farm Lloyds*, No. 3:98-CV-1288-G, 1999 U.S. Dist. LEXIS 3103 (N.D. Tex. Mar. 19, 1999) (denying motion to remand in similar circumstances).

9.     Therefore, for the purposes of federal removal jurisdiction pursuant to 28 U.S.C. §1441, complete diversity of citizenship now exists between the adverse parties in the present cause.

10.   Upon filing of this Notice of Removal of this cause, written notice of the filing by petitioners to Plaintiff and his counsel has been provided as required by law. A copy of this notice is also being filed with the Clerk of the State Court in which this cause was originally filed.

11.   This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of receipt by Defendant of Plaintiff's Responses to Defendant's First Set of Request for Admission and within one year of the initial filing of the lawsuit.

WHEREFORE, PREMISES CONSIDERED, Petitioner prays for removal of the above entitled and numbered cause from the 404th Judicial District Court of Cameron County, Texas to this Honorable Court.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Eduardo Roberto Rodriguez
Attorney-in-Charge
State Bar No. 17144000
Federal Admissions No. 1944
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
AVENUE A, INC.

OF COUNSEL:

David J. Burman
Washington State Bar No. 10611
Elizabeth A. Alaniz
Washington State Bar No. 21096
PERKINS COIE, L.L.P. - SEATTLE
1201 Third Avenue
Seattle, Washington 98101
(206) 583-8888
Fax (206) 583-8500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice of Removal was served

upon all counsel of record, to-wit:

Michael R. Cowen
Michael R. Cowen, P.C.
765 East 7th Street, Suite A
Brownsville, Texas 78520
Attorneys for Plaintiff

E. Clayton Lowe, Jr.
Burr & Forman, L.L.P.
Post Office Box 830719
Birmingham, Alabama 35283-0719
Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission

pursuant to the Federal Rules of Civil Procedure, on this the _12_ day of February, 2002.

R. Patrick Rodriguez

CAUSE NO. 2001-02-752-G

| | | |
|---|---|---|
| GILBERT LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF CAMERON COUNTY |
| | § | |
| AVENUE A, INC. | § | 404TH JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST SET OF REQUEST FOR ADMISSION

To:    Defendant, **AVENUE A, INC.**, by and through its attorney of record:

Eduardo Roberto Rodriguez
Mitchell C.Chaney
R. Patrick Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 East Van Buren Street
Brownsville, TX 78520

NOW COMES, **GILBERT LOPEZ**, Plaintiff in the above styled and numbered cause,

and files these his responses to Defendant, **AVENUE A, INC.'S** First Set of Request for

Admissions pursuant to the Texas Rules of Civil Procedure.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
(956) 541-4981
(956) 504-3674 (Facsimile)

_____
Michael R. Cowen
Texas Bar No. 00795306

<u>OF COUNSEL:</u>

E. Clayton Lowe, Jr.
Peter A. Grammas
Brent D. Hitson
Burr & Forman LLP
P.O. Box 830719
Birmingham, Alabama 35283-0719
(205) 254-3000

ATTORNEYS FOR PLAINTIFF

<u>**CERTIFICATE OF SERVICE**</u>

On this the _7th_ day of February, 2002, a true and correct copy of the above and

foregoing document was sent to opposing counsel in the manner indicated below:

Eduardo Roberto Rodriguez
Mitchell C.Chaney
R. Patrick Rodriguez
RODRIGUEZ, COLVIN & CHANEY
1201 East Van Buren Street
Brownsville, Tx. 78520

**Fax No.: 956-541-2170**
**<u>& Regular U.S. Mail</u>**

David J. Burman
Elizabeth A. Alaniz
PERKINS COIE, L.L.P.-SEATTLE
1201 Third Avenue
Seattle, Washington 98101

**Fax No.: 206-583-8500**
**<u>& Regular U.S. Mail</u>**

Michael R. Cowen

# REQUESTS FOR ADMISSIONS

Admit or deny the following:

1.      Plaintiff and the members of the class he seeks to represent make no claims in this lawsuit for exemplary or punitive damages, as alleged in Plaintiff's Original Petition §1.1.

      **RESPONSE: Admit.**

2.      Plaintiff and the members of the class he seeks to represent will not amend their Petition to include claims for exemplary or punitive damages.

      **RESPONSE: Deny.**

3.      Plaintiff and the members of the class he seeks to represent do not seek in excess of $75,000 in total damages per individual, exclusive of interest and costs.

      **RESPONSE: Admit.**

4.      Plaintiff and the members of the class he seeks to represent will not amend their Petition to seek in excess of $75,000 in total damages per individual, exclusive of interest and costs.

      **RESPONSE: Admit.**

5.      Plaintiff and the members of the class he seeks to represent will not accept a jury award exceeding $75,000 in total damages per individual, exclusive of interest and costs.

      **RESPONSE: Deny.**

6.      Plaintiff and the members of the class he seeks to represent irrevocably stipulate to accept no more than $75,000 in total damages per individual in any trial of this case or any settlement, exclusive of interest and costs.

      **RESPONSE: Deny.**

```
RUN DATE: 02/11/02                                                                    PAGE: 01
RUN TIME: 2:57 PM                                                                     2001-02-0007752-G

                          *  *  *   C L E R K ' S   E N T R I E S   *  *  *

                                                       00549801                                              02    13    01
GILBERT LOPEZ                                          MICHAEL R. COWEN                        (10)
                                                       765 E. 7TH STREET, SUITE A
              VS                                       BROWNSVILLE, TX.              78520 0000
                                                                                                   DAMAGES
AVENUE A, INC.                                         00001402                                              30.00
                                                       EDUARDO ROBERTO RODRIGUEZ
                                                       P. O. BOX 2155                                   LAW OFFICE OF
                                                       BROWNSVILLE, TX.           78520 0000         MICHAEL R. COWEN


3/28/01     PASS TO DROP DOCKET                                    02/13/01   ORIGINAL PETITION FILED
3/05/01     TRIAL SETTING SET FOR 9/12/01 @ 9:30 A.M..AS PER ORDER..   02/14/01   CITATION: AVENUE A, INC.
09/05/01       AC LIMAS/IG                                                        SERVED: 02/20/01       FILED: 02/27/01
09/12/01    PARTIES DID NOT APPEAR & FAILED TO CALL IN FOR TRL SETTING.   02/14/01   JURY FEE: Pd. by MICHAEL R. COWEN
09/12/01       CASE BACK TO DROP DOCKET. AC/LIMAS/MG.              02/19/01   ORIGINAL ANSWER: AVENUE A, INC.
01/28/02    TRIAL SETTING SET FOR 2/20/02 @ 9:00 A.M., (TELEPHONIC ) AS PER   04/02/01   DEFT AVENUE A INC'S ORIGINAL ANSWER
01/28/02       ORDER...AC LIMAS/IG                                                AND JURY DEMAND(IGARCIA)
                                                                  04/02/01   NOTICE OF VACATION/ECORTEZ
                                                                  05/11/01   MOTION TO REINSTATE.CAUSE OF
                                                                  08/28/01   DROP DOCKET NOTICES MAILED
                                                                  08/31/01   MOTION TO REINSTATE CAUSE OF ACTION
                                                                             AND FOR TRIAL SETTING(IG/OC
                                                                  01/23/02   MTN TO REINSTATE CAUSE OF ACTION AND
                                                                             FOR TRIAL SETTING (IGARCIA
```

CAUSE NO. 2001-02-752-G

| | | |
|---|---|---|
| GILBERT LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF CAMERON COUNTY |
| | § | |
| AVENUE A, INC. | § | 404th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

FILED 500 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

FEB 1 3 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
Rosa Sotelo _____ DEPUTY

COMES NOW the Plaintiff, Gilbert Lopez, for himself and all those similarly situated, and submits the following as his complaint against defendant.

## DISCOVERY CONTROL PLAN

Plaintiff and the Class intend to conduct discovery pursuant to a level three discovery control plan.

## NATURE OF THE ACTION

This is a class action brought by Gilbert Lopez, on behalf of himself and all other similarly situated individuals within the State of Texas against Avenue A, Inc. ("Avenue A" or the "Company"). Plaintiff seeks compensatory damages and injunctive relief to redress the deprivation of the rights accorded to plaintiff and the other members of the Class (as defined herein) under the common law rights of privacy and equitable claims for unjust enrichment. Plaintiff and members of the class make no claims in this lawsuit for exemplary or punitive damages, and the aggregate amount of each claim is less than $75,000.00. Plaintiff and the members of the class make no claims in the lawsuit under federal law. Plaintiff is a user of the internet, and plaintiff has been the unknowing victim of Avenue A's information handling acts and practices that allowed Avenue A access to, and interception of, plaintiff's electronic communications and stored electronic information without his knowledge or consent.

This case involves a situation whereby Avenue A surreptitiously monitored the web "surfing" habits of millions of unwitting users of the internet and thereafter used off-line information, or information provided by its on-line internet partners, to link up

the users' surfing habits with their personal information, such as name, address, demographic profile and catalog purchasing habits. Avenue A accomplished the on-line monitoring of these millions of internet users by depositing "cookies," small bits of computer code, on internet users' computers. The cookies were deposited and/or communicated with Avenue A whenever an internet user viewed an on-line advertisement placed on a third-party web site by Avenue A. Through this means, Avenue A was able to create a comprehensive "profile" of individual internet users, documenting every web site the users visited on which Avenue A was running ads. Because internet users never went to Avenue A's web site, nor even knew that Avenue A participated in any way in the sites they visited, internet users were completely ignorant of Avenue A's extensive monitoring of their on-line habits. Nor did internet users know or consent to Avenue A's use of their personal information for the purposes of linking up their individual identities to on-line internet profiles.

In essence, as is described in further detail below, Avenue A's advertisements were designed in such a way that they surreptitiously deposited cookies on the computers of each and every internet user who visited a web site on which Avenue A had placed ads and then the cookies were secretly used to intercept and access personal information about the user's internet surfing habits. This personal information intercepted and accessed by the secret Avenue A cookies was then secretly sent back over the internet to Avenue A notwithstanding the fact that the internet users did not know anything about Avenue A and did not authorize this practice.

In addition, Avenue A used information provided by its on-line internet partners to then link up the unique profiles it had surreptitiously acquired of individual internet users with each user's personally identifiable information such that each profile could now be linked to its actual real world user's name, address, demographic profile, and

buying habits. Again, internet users were never given notice of, nor did they ever consent to, Avenue A's interception of, and access to, their personal information.

Yet, even today, while Avenue A has provided some information on its web site (www.avenuea.com) about its information interception, access, collection, handling and distribution processes, as well as provide a limited ability for internet users to opt-out of Avenue A's surreptitious monitoring, the Company has neither generally halted its depositing of cookies, nor disabled the cookies' continuous reporting of private information back to Avenue A (unless the user has disabled this function by use of the opt-out) or even taken sufficient steps to ensure that the vast majority of internet users are aware of what has been, and still is, occurring. Indeed, most internet users would have no idea of Avenue A's actions and practices, because they have neither heard of Avenue A nor visited its web site. In fact, information about Avenue A and its surreptitious monitoring is sorely absent from the third-party internet sites Avenue A uses as "Trojan Horses" to secretly convey its monitoring cookies to users' computers. Nor has Avenue A provided compensation to internet users it has harmed for its actions which are, as described below, illegal and actionable.

This lawsuit seeks redress for Avenue A's wrongful and illegal actions and seeks to compensate victims of Avenue A's practices. Plaintiff brings this action on behalf of himself and all other internet users injured by Avenue A's internet advertising products.

## PARTIES

Plaintiff Gilbert Lopez is an adult citizen who resides in Cameron County, Texas. Plaintiff brings this lawsuit as a statewide class action on behalf of hinself and all others similarly situated in the State of Texas.

Defendant Avenue A is a Washington corporation with its principal place of business at 506 Second Avenue, Seattle, Washington 98104. Unless otherwise stated,

defendant Avenue A includes all of its successors, predecessors, affiliates, joint ventures and subsidiaries. Avenue A is a leading provider of internet advertising products and services in the United States. Its advertising products and services are ubiquitous throughout the internet.

Defendant Avenue A may be served with process thought its registered agent, Lawco of Washington, Inc., 2101 Third Avenue, 40th Floor, Seattle, Washington, 98101-3099.

## CLASS ACTION ALLEGATIONS

Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 42(a) of the Texas Rules of Civil Procedure.

The named plaintiff asserts this case on behalf of all users (the "Class") of the internet in Texas who have had any Avenue A cookies deposited on their computers from Avenue A's internet advertising products and services.

The number of potential members of the Class is not precisely determined at the present time, but can be established through notice and discovery. Upon information and belief, the Class consists of millions of internet users who visited and continue to visit third-party web sites that utilize Avenue A's internet advertising products and services. Thus, the Class is so numerous that joinder of all members is impracticable. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Texas Rules of Civil Procedure 42(a)(1)-(4), 42(b)(2), and 42(b)(4), and satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements thereof.

In fact, all members of the Class have been damaged by the same wrongful acts or refusals to act alleged herein, affecting the Class as a whole; consequently, there are questions of law and/or fact common to the Class which predominate over any

questions affecting individual members. These questions include, but are not limited to:

    (a)    What were Avenue A's acts and practices concerning the interception of, and/or access to, electronic communications alleged herein (Avenue A's "information handling acts and practices");

    (b)    Whether Avenue A's information handling acts and practices violated the law as alleged herein;

    (c)    Whether Avenue A, by nature of its conduct, is liable for damages and losses resulting from its conduct alleged herein;

    (d)    Whether Avenue A's conduct was willful and/or intentional; and

    (e)    Whether members of the class are entitled to injunctive relief, affording them protection from Avenue A's practices.

The claims of the named plaintiff are typical of the claims of the Class and do not conflict with the interests of any other members of the Class under Tex. R. Civ. P. 42(a)(b). All class members have suffered from the same wrongful acts of the defendant, namely, having their electronic communications surreptitiously intercepted and accessed by Avenue A through its use of cookies and having the internet profiles created by such cookies then linked up with the users' personally identifiable information, such as name, address and demographic profile.

Plaintiff is committed to the vigorous prosecution of this action and has retained counsel qualified to pursue this litigation who have extensive experience in class actions and in consumer protection litigation. Accordingly, plaintiff will fairly and adequately protect the interests of the Class.

A class action is far superior to other available methods for the fair and efficient adjudication of this controversy. Indeed, a class action is essential to the interests of

justice. Due to the nature of the claims in this litigation, few of the individual Class members would otherwise be able to afford to seek legal redress against the defendant for the acts and practices complained of herein. Thus, absent a class action, Class members would continue to be victims of defendants' illegal information handling acts and practices and would have no remedy for the damages they have suffered, and continue to suffer, and defendant would continue to unjustly retain both the wrongfully obtained data and all ill-gotten proceeds its use of the data provided.

A class action regarding the issues in this case creates no problems of manageability. In particular, notice of the pendency of this action can be given either by regular mail or by publication over the internet.

The party opposing the class has acted or refused to act on grounds generally applicable to class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FACTUAL ALLEGATIONS

*Avenue A's Information-Gathering Structure*

Avenue A bills itself as "the leading advocate for online advertisers," and provides Internet advertising products and services for online advertisers and Web site publishers worldwide. Avenue A is in the business of, *inter alia*, running and optimizing Internet advertising campaigns by placing seemingly unrelated banner ads and other forms of advertisements and other tracking insertions on various Internet Web sites on behalf of its numerous clients. Since it began operating in July 1997, Avenue A, using a sophisticated array of Web tracking tools that it intentionally hides from Internet users, has served hundreds of millions of Internet advertisements on its clients' behalf and has placed millions of "cookies" on Internet users' computers. Avenue A presently asserts

that its advertising efforts are so successful and have been so pervasive that <u>it has</u> <u>implanted cookies on more than 90% of Internet users' computers and that it knows</u> <u>where more than 100 million Web users have been On the Internet.</u>

Avenue A exploits a number of technologies that, when used together, can and do identify unique users of the Web at very detailed levels–including specialized information about Internet users' online behavioral tendencies, characteristics, and purchasing histories. The information that Avenue A surreptitiously collects can include information that Internet users, including plaintiff and the Class, consider to be personal and private, such as their names, e-mail addresses, home and business addresses, telephone numbers, searches performed on the Internet, Web pages or sites visited on the Internet, and other communications and information that users would not ordinarily expect advertisers to be able to collect. Avenue A has used and exploited this detailed, personal information, which it collects and organizes in vast databases that form the core services it provides to its customers. Moreover, the amount and type of information Avenue A collects on each user can cover a very long period of rime (months or even years), and is done without Internet users knowledge, authorization, or consent.

Not only does Avenue A engage in online tracking and profiling activities, but Avenue A further boasts that due to the depth and breadth of the online profiles of Internet users that it surreptitiously compiles and creates, it is able to create detailed, user-specific behavioral profiles of the Internet users through its "SiteFinder," "Customer Targeting," and "Customer Lifecycle Marketing" initiatives, which, Avenue A states, permit it to identify anonymous Web users."

Avenue A's advertising, profiling, and tracking technologies, coupled with its

behavioral data compilation tools, allow Internet Web site publishers and advertisers to target their best prospects based on the most precise personal profiling and data collection technology available. Avenue A claims that through the use of its profiling and tracking technologies, Avenue A "can create a customized digital marketing plan for each individual based on his or her online behavior."

What Avenue A fails to disclose is that its applied technologies also provide Avenue A and its clients with the ability to surreptitiously intercept, access, and collect stored electronic communications and information from unsuspecting Internet users–including plaintiff and the Class. This sensitive information may include such things as what the Web user looked at and what he/she bought, the materials he/she read, details about his/her financial situation, his/her sexual preference, health conditions and even more specific information like his/her name, home address, e-mail address and telephone number. When a user visits a Web site utilizing Avenue A's advertising products and services, the sophisticated tracking and reporting functionality incorporated into those products and services secretly intercepts, accesses, and collects stored electronic communications and information – including personal and private information – about that user Avenue A's technologies have enabled the Company to develop enormous commercial databases containing very detailed user profiles.

Through the use of its advertising, tracking, and profiling technologies on its clients' Internet Web sites and on its clients' behalf across countless other Internet Web sites, an unsuspecting user who does not know he or she is being subjected to Avenue A advertising and who has probably never even heard of Avenue A, is having his or her personal and private information intercepted, accessed, transmitted, and collected

by Avenue A. Indeed, as Mike Galgon, Avenue A's co-founder and chief strategy officer has boasted, "[w]e acquire information across [our] clients' [Internet Web sites], and can use that for any of those clients." Furthermore, the entire process that occurs between Avenue A's computers and Internet users' computer is completely invisible, *i.e.*, unknown and undisclosed to the user.

Avenue A's technology wrongfully monitors Internet *users'* activities at <u>each and every</u> Web site users visit at which Avenue A's products or services are utilized. The wrongfulness of this conduct is multiplied by the fact that Avenue aggregates this information about users' habits across numerous Web sites. Avenue A uses covert surveillance methods to access, intercept, collect and track users Internet activities across its clients' Web sites and across those Web sites upon which it places its client's advertisements. Avenue A seeks to gain as much information as possible about Internet users and their online habits. The more specific the information gained, the more valuable its user information database.

Although Avenue A asserts that it discloses its user profiling activities in its "Privacy Policy" which it posts on its Internet Web site at www.avenuea.com, this purported "disclosure" is not transmitted to users in the normal course of Avenue A's business practice and is not displayed or referred to in any of the hundreds of millions of Internet advertisements it has placed during the Class Period (or on the Internet Web sites upon which those ads appear)—thereby rendering it meaningless, as the overwhelming majority of Internet users have never heard of Avenue A, nor do they have any reason to know of, let alone visit, Avenue A's Internet Web site, upon which the Company's privacy policy appears. Regardless of the contents of Avenue A's privacy policy, if Avenue A's advertising technology is working properly, Internet

users, including plaintiff and the Class, have <u>no idea</u> of Avenue A's involvement in the advertising process and thus remain ignorant of both the content and location of Avenue A's privacy policy as well as Avenue A's wrongful, unauthorized, and invasive profiling and tracking activities and cookie implantation – which plaintiff and the Class have never authorized Avenue A to do.

*The Internet*

Computer networks are composed of individual computers connected together to share information. Any time you connect two or more computers together so that they can share resources, you have a computer network. If you connect two or more computer networks together, you have an "internet." Today's Internet presently connects hundreds of thousands of independent networks into a vast global "network of networks," which has been simplified and commercialized for mass-market use.

The World Wide Web (or 'the Web"), which is a subset of the Internet, consists of a vast, decentralized collection of documents containing text, visual images, audio clips, and other informative media. Computers known as 'servers" store these Web documents and make them available over the Internet through a set of standard operating and transmission protocols that define and structure the Web's operation and organization.

Web sites are groups of related documents that reside on one or more servers. Uniform Resource Locators or ("URLs") are addresses that indicate the precise location of specific Web documents on a server.

Individuals such as plaintiffs and the Class access the Internet either by using a commercial Internet service provider ("ISP"), such as America Online, @Home, Earthlink, or MSN, or through a network connection operated by the entity which

provides their computer access—such as their employer. In each case, the ISP or the network connection provides the electronic communication service that allows the user's computer to connect with other

computers on the Internet. Because the Internet is global and Web sites are located throughout every state and almost every country. the plaintiffs' and the Class's computers are used in interstate and foreign commerce or communication and their electronic communications with other computers or Web sites affect interstate commerce.

For users' computers to access stored Web documents made available *via* the Internet. they must request a connection to the server containing that information. When a user's computer sends such a request to a server, the user's computer "tells" the server what information it wants. The server, based upon the user's request, formulates a response which it then returns to the user with the requested information. The responses sent by the server are immediately placed in temporary storage on the user's computer incidental to the transmission of such electronic communications.

*Internet Advertising (Banner Advertising)*

One of the most important components of the Web is HyperText Markup Language ("HTML"), which is the coding language used to define the structure of documents exchanged over the Web. HTML provides many features, of which the one most germane to this case is the ability to link one Web document to other Web documents, such that when a user clicks on a "link" they will be immediately transported to the associated document or Web page. These HTML codes also enable Web documents to access and incorporate visual images, which may be included as part of the viewed Web document or serve as a link. This means that when a Web user clicks

on the image, he/she will be immediately transported to the document or Web site to which the image is linked. This second relationship is how banner ads work.

Banner advertisements are the predominant form of advertising sold and used by Internet advertising companies such as Avenue A. Banner advertisements are placed within Web documents on various Internet Web sites and appear when an Internet user accesses the Web page(s) upon which advertisers have paid for the advertisements to run. When a banner ad is clicked, the user is shown a document that is dedicated to the product, service, or company promoted by the banner ad.

Banner advertisements are so named because they generally resemble flags or banners, in that they tend to be long and narrow and their width often spans a significant part of a Web page. Banner advertisements are not like other images found on Internet Web sites, because instead of the image being placed by the Internet Web site being visited, the banner advertisement may come from a server run by the operator of a banner ad network, such as Avenue A. This means that a third-party has made itself part of the transaction between the Web user (*i.e.* plaintiff and the Class) and the Web server (those sites that plaintiffs and the Class visit), without those Web users' knowledge, authorization, or consent. As a result of its unauthorized interjection of itself into this relationship, Avenue A is able to surreptitiously obtain and compile valuable information about Web users.

It is through, *inter alia,* Avenue A's placement of advertisements and/or insertions upon Internet Web sites on its clients' behalf that Avenue A is able to engage in the wrongful conduct alleged herein because these products and services are used as "trojan horses" to place tracking devices called "cookies" on unsuspecting users' computers.

Thus, Avenue A intercepts users' communications with other Internet Web sites for the unlawful and tortious purposes of invading Internet users' privacy, trespassing on other computers and discovering their personal information.

*Avenue A 's Use of "Cookies" and "Web Bugs"*
*to Track and Profile Plaintiffs and the Class*

## "Cookies"

A "cookie" is an electronic file that online companies, including Avenue A, implant upon computer users' hard drives when those users visit Internet Web sites that permit the implantation and use of such devices. Cookies are created by Web servers and implanted on users' hard drives when they first establish a connection to those sites.

Cookies, which Internet companies differentiate between by assigning unique identification numbers to each computer user, can contain virtually any kind of information. Cookies placed by Web sites that users choose to visit generally perform many convenient and innocuous functions, such as keeping track of items that users shop for or storing user passwords or preferences. The cookie stores this information on Internet users' computers and, when prompted, the cookie provides this information back to the server so it can be accessed and used again each time the user returns.

The original purpose of cookies, however, has been subverted by online advertising companies such as Avenue A, that use cookies to track and record individual Internet users' movements axtd activities across the Web. Avenue A secretly implants and accesses its own cookies on users' computers whenever users visit Web sites that utilize Avenue A advertising products or services. Avenue A's rampant and undisclosed cookie implantation enables them to, among other things, track and collect

personal information about Internet users' browsing habits, such as the Web sites they visit, items they look at or purchase. newsgroups they view and/or participate in, and the like.

In fact, the United States Department of Energy's Computer Incident Advisory Capability deemed the general use of cookies as acceptable, but stressed serious concern over the use of cookies to track users, such as the conduct in which Avenue A engages. Specifically, that report stated "[c]ookies are being used for tracking people's browsing habits, and that makes a lot of people really uncomfortable."

Due to the surreptirious and undisclosed nature of its practices, Internet users are unaware that Avenue A is perpetually harvesting this information for its own commercial use and benefit. The information contained in Avenue A's implanted cookie files, including the user's unique identification number, is sent back to Avenue A each and every time the user visits a Web site where Avenue A has a presence.

Avenue A's unlawful and surreptitious conduct occurs <u>whether or not the computer user even clicks on Avenue A's banner advertisement(s)</u>. Once Avenue A implants a cookie onto a user's computer, Avenue A is automatically able to access, read and update that cookie on any of the Web sites on which it has a has a presence, thereby enabling Avenue A, unbeknownst to plaintiffs and the Class, to perpetually update and enhance its consumer profile database for its own commercial enrichment.

Furthermore, most cookies are set by their generators to expire within a short amount of time after they are created—in fact, sometimes as briefly as a single Internet session. Once the expiration date has been reached, the cookie becomes defunct and is no longer forwarded to the server. Avenue A, however, sets its cookies' expiration dates for years into the future, thereby guaranteeing continued access and linkage for a

virtually indefinite time period and ensuring Avenue A the ability to gather large quantities of data regarding plaintiff and the Class.

Internet users, including plaintiffs and the Class, are generally unaware that the vast majority of these online banner advertisements are generated, placed and monitored by entities like Avenue A. They also have no idea that merely visiting a Web site with banner advertisements enables Avenue A to place and access their own surreptitiously-placed Internet cookies. Thus, plaintiffs and/or the Class have <u>in no way</u> authorized Avenue A to engage in this invasive and wrongful course of conduct.

### "Web Bugs"

Not only does Avenue A engage in the above described practices, but it utilizes an even more clandestine form of information gathering through the use of Web bugs, which monitor, track, and profile Web users' online activities in a completely invisible manner.

Web bugs, which are also known as "Action Tags," "pixel tags," "clear GIEs," and/or "invisible GIEs," are transparent graphic images the size of a single pixel, completely invisible to Internet users, that are embedded in the source code of Web pages. Avenue A places Web bugs on Web pages through, *inter alia,* its SiteFinder service, to monitor, track, and profile Web users when they access those pages — regardless of whether Avenue A has placed banner advertisements on those pages as well. Thus, Avenue A can and does monitor Internet users even on Web pages that do not contain advertisements. Furthermore, through its SiteFinder service, Avenue A is able to associate online purchase histories with online behavioral data—none of which is disclosed to internet users, including plaintiff and the Class. Indeed, through its use

of Web bugs, Avenue A can associate an Internet user's specific online transactions with that Internet user's personal Web surfing behavior across the countless Internet Web sites that he/she has visited.

Although Web bugs are completely invisible to Web users, they are as effective as large banner advertisements in enabling the implantation of cookies on Web users' computers and tracking users' movements within and across internet Web sites. Such an insidious program of using hidden tracking, monitoring, and profiling devices further evidences Avenue A's intent to avoid detection while accessing and intercepting plaintiffs' and the Class's electronic communications.

Avenue A's above-described unauthorized, deceptive, invasive, and fraudulent actions have unjustly enriched defendant to the severe detriment of plaintiffs and the Class. Plaintiffs and the Class have been harmed, as they have been subjected to repeated and unauthorized invasions of their privacy—violations which continue to this day. Consumers have a legally protected privacy interest in the above-described confidential data. By surreptitiously, and in an unauthorized manner, obtaining and using consumers' personal and private information, Avenue A engaged in conduct that constitutes a serious invasion of privacy that is highly offensive and violates Texas law.

## COMMON LAW CLAIM FOR INVASION OF PRIVACY

Each and every paragraph above is incorporated herein by reference as if now set forth in full.

The defendant has knowingly, recklessly or negligently disclosed, exploited, misappropriated and/or engaged in widespread commercial usage of private and sensitive information concerning the personal affairs of plaintiff and the Class members

for defendant's own benefit.  These acts were committed without the knowledge or consent of plaintiff and the Class members.  Such conduct constitutes a highly offensive and dangerous invasion of plaintiff's and the Class members' privacy.

As the plaintiff and the Class members did not voluntarily disclose their personal and private information, including their internet surfing habits, to the defendant – and indeed never even knew that defendant existed or conducted data collection and monitoring activities – such information was misappropriated by defendant for its financial gain.  Plaintiff and the Class members provided such information, and had their internet habits monitored, without their knowledge.  They did not consent and would not have consented to having their personal and private information, including their on-line or fully integrated identity profiles, used for defendant's commercial gain.

As a result thereof, plaintiff and the Class members have been damaged by an amount according to proof at the time of trial and/or have been irreparably harmed by such conduct.

## UNJUST ENRICHMENT

Each and every paragraph above is incorporated herein by reference as if now set forth in full.

Plaintiff and the Class members provided valuable services and materials (information) to Avenue A.

Avenue A accepted these services and materials to its financial and commercial gain.

Under the circumstances, it is reasonable to expect that Avenue A should have paid Plaintiff and the Class members.

Avenue A failed to notify Plaintiff and the Class members of its actions and likewise failed to compensate them.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff, on behalf of herself and all other similarly situated members of the Class request that this Court enter judgment:

(a)     Certifying this case as a class action;

(b)     Declaring the acts and practices complained of herein to be in violation of the common laws set forth above;

(c)     Awarding plaintiff and other members of the Class any and all amounts owing to them under the laws relied upon herein;

(d)     Awarding plaintiff and other members of the Class actual or nominal damages for violations of their legal law rights alleged herein;

(e)     Directing the defendant to disgorge all monies wrongfully obtained as a result of the conduct alleged in this Complaint and awarding them to plaintiff and members of the Class.

(f)     Enjoining and restraining Defendant from any further acts in violation of the laws set forth herein;

(g)     Directing the Company to take such affirmative steps as are necessary to ensure both that the effects of its unlawful information handling acts and practices are eliminated and no longer continue and that all Class members are specifically notified of the Company's information handling acts and practices and the existence and availability of a remedy to correct the illegal activities set forth above.  At a minimum, such affirmative steps must include (i) ordering the defendant to conduct a corrective advertising and information campaign advising consumers whose confidential electronic communications have already been accessed or intercepted and/or personal data disclosed how to prevent further unwanted intrusions, and (ii) ordering the destruction and/or purging, under court monitoring, of all personal and confidential

information collected and/or shared as a result of defendant's wrongful conduct described herein.

## 8. DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury in this action of all issues so triable.

RESPECTFULLY SUBMITTED,


Michael R. Cowen, P.C.
Texas Bar No. 00795306
MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
(956) 541-4981
(956) 504-3674 (Facsimile)

OF COUNSEL:

E. Clayton Lowe, Jr.
Peter A. Grammas
Brent D. Hitson
Burr & Forman LLP
P.O. Box 830719
Birmingham, Alabama 35283-0719
(205) 254-3000

ATTORNEYS FOR PLAINTIFF

# OFFICERS RETURN OF SERVICE    ORIGINAL

CASE # 200102752-G

GILBERT LOPEZ

VS

AVENUE A, INC.

COURT
Clt. Ref.#

Clt.#    639

The documents came to our hand for service on 02/16/01  Time: 08:00:00

Documents received for service:

**PLAINTIFF ORIGINAL PETITION**

The documents were delivered on **02/20/01  Time: 13:00:00**

Executed at: 2201 Third Avenue 40th Floor
Seattle, WA 98101

to the following: **Avenue A Inc., Reg. Agent: Lawco Of Washington, Inc.**
**By Certified Mail 7099 3220 001 2240 0166**

_By Certified Mail_

___✓___ PERSONALLY delivering the document to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____ in person
who is sixteen (16) years of age or older, at the above listed address which is the
usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

_____
Eddie M Gonzalez

## AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have studied and am familiar with the TEXAS RULES OF CIVIL PROCEDURE, VERNON'S
TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all other applicable rules and
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee:_____

Witness Fee Tendered:_____

STATE OF TEXAS}

Eddie M Gonzalez
Professional Civil Process Brownsville
700 Paredes Ave. Suite 208
Brownsville, Texas 78520

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this 10 day of Feb 2001.

ABEL BETANCOURT JR
Notary Public
State of Texas
Comm. Exp. 03-10-2001

NOTARY PUBLIC SIGNATURE

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2001-02-000752-G                    ORIGINAL

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: AVENUE A, INC.
    SERVING ITS REGISTERED AGENT,
    LAWCO OF WASHINGTON, INC.
    2101 THIRD AVENUE, 40TH FLOOR
    SEATTLE, WASHINGTON, 98101-3099

FILED 12:10 O'CLOCK __ M
AURORA DE LA GARZA DIST. CLERK
FEB 27 2001
DISTRICT CLERK CAMERON COUNTY, TEXAS
By _____ DEPUTY

the _____ DEFENDANT _____ , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 404TH Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on FEBRUARY 13, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000752-G.

The style of the case is:

GILBERT LOPEZ
VS.
AVENUE A, INC.

Said petition was filed in said court by _____ MICHAEL R. COWEN (Attorney for _____ PLAINTIFF _____ ), whose address is 765 E. 7TH STREET, SUITE A BROWNSVILLE, TX.  78520

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 14th day of FEBRUARY , A.D. 2001.

_____ AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____ , Deputy

U.S. Postal Service
CERTIFIED MAIL

Ave. A. INC.

| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.37 |

BROWNSVILLE TX
Postmark Here
FEB 16 2001
USPS 78520-9998

Name (Please Print Clearly) (To be completed by mailer)
Ave A Ave, Lewis J Washington Dre. Registered
Street, Apt. No.; or PO Box No.
2101 Third Ave. 4th Floor
City, State, ZIP+4
Seattle Washington 98101-0166

PS Form 3800, July 1999                    See Reverse for Instructions

7099 3220 0001 2240 0166

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ave A Ave.
Lewis J Washington Ave
Registered hail
2101 Third Ave. 4th Floor
Seattle Washington
98101-3099

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
WSBA                                    2-20-01
MAILROOM

C. Signature
X                                       ☐ Agent
                                        ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below.         ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)
   7099 3220 0001 2240 0166

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

CAUSE NO. 2001-02-752-G

| | | |
|---|---|---|
| GILBERT LOPEZ | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| AVENUE A, INC. | * | 404th JUDICIAL DISTRICT |

## DEFENDANT AVENUE A, INC.'S
## ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AVENUE A, INC., Defendant in the above-entitled and numbered cause, and files this its Original Answer and Jury Demand in response to Plaintiff's Original Petition, and in support thereof, would show the Court as follows:

I.

### GENERAL DENIAL

Defendant Avenue A, Inc. herein avails itself of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's live pleading, and states that these are matters that should be proven by Plaintiff as required by law; and Defendant would require strict proof thereof.

II.

### AFFIRMATIVE DEFENSES

2.01   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's Original Petition, and each of its purported causes of action, are barred for failure to state a claim upon which relief can be granted.

2.02   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the claims of Plaintiff and members of the class he seeks to represent are barred because Plaintiff and the members of the putative

class were aware of the common operations of the Internet, including but not limited to the use of cookies, or voluntarily chose to use their browsers and the Internet without regard to such common operations.

2.03   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the claims of Plaintiff and members of the class he seeks to represent are barred because Plaintiffs and the members of the putative class consented to actions engaged in by Defendant.

2.04   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, proximately caused the damages to Plaintiff which are alleged in Plaintiff's petition.

2.05   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate the effect of the alleged damages as required by law.

2.06   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's Original Petition, and each of its purported causes of action, are barred by the applicable statute of limitations.

2.07   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's Original Petition, and each of its purported causes of action, are barred, in whole or in part, by the equitable doctrine of laches and/or estoppel.

2.08   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's Original Petition, and each of its purported causes of action, are barred, in whole or in part, by the doctrine of waiver and release.

2.09   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that Plaintiff's alleged damages, if any, were the direct and proximate result of the conduct of Plaintiff and members of the class he seeks to represent or the conduct of others for whom Defendant is not responsible.

2.10   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the claims of Plaintiff and members of the class he seeks to represent are barred by the Commerce Clause of the United States Constitution in that application of the relevant state common law and statutes to Defendant would constitute an undue and unreasonable burden on interstate commerce.

2.11   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that federal law preempts the state law claims of Plaintiff and members of the class he seeks to represent.

2.12   For further answer, if such be necessary, and pleading in the alternative, Defendant further affirmatively alleges that the claims of Plaintiff and members of the class he seeks to represent are barred by the First Amendment of the United States Constitution and the analogous provisions of the state constitutions.

2.13   For further answer, if such be necessary, Defendant reserves the right to assert other defenses as discovery progresses.

### III.

### JURY DEMAND

Defendant hereby requests a trial by jury and tenders the jury fee herewith.

WHEREFORE, Defendant Avenue A, Inc. prays that upon final trial and hearing hereof, it have judgment in accordance with the law and facts as found by this Honorable Court and Jury, and for such other and further relief, legal or equitable, general or special, to which it may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

Eduardo Roberto Rodriguez
State Bar No. 17144000
Mitchell C. Chaney
State Bar No. 04107500
R. Patrick Rodriguez
State Bar No. 24002861
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
AVENUE A, INC.

OF COUNSEL:

David J. Burman
Washington State Bar No. 10611
Elizabeth A. Alaniz
Washington State Bar No. 21096
PERKINS COIE, L.L.P. - SEATTLE
1201 Third Avenue
Seattle, Washington 98101
(206) 583-8888
Fax (206) 583-8500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Avenue A, Inc.'s Original Answer and Jury Demand was served upon all counsel of record, to-wit:

        Michael R. Cowen
        Michael R. Cowen, P.C.
        765 East 7th Street, Suite A
        Brownsville, Texas 78520
        Attorneys for Plaintiff

        E. Clayton Lowe, Jr.
        Burr & Forman, L.L.P.
        Post Office Box 830719
        Birmingham, Alabama 35283-0719
        Attorneys for Plaintiff

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the 30th day of March, 2001.

                        Mitchell C. Chaney

Cause No. 2001-02-000752-G

GILBERT LOPEZ

VS.

AVENUE A, INC.

In the District Court of

Cameron County, Texas

404th Judicial District

DROP DOCKET NOTICE

Notice is hereby given, pursuant to RULE 1.20 of the Revised Local Rules of Civil Procedure, that the above styled and numbered cause has been placed on the Drop Docket.

The above cause will be dismissed if not reinstated by the Court within 30 days. All motions for reinstatement must contain a motion and proposed order setting hearing to set case for trial.

AURORA DE LA GARZA
DISTRICT CLERK

By: _____ty

Date: 08/28/01
Copies sent to:

MICHAEL R. COWEN
EDUARDO ROBERTO RODRIGUEZ

FILE COPY

CAUSE NO. 2001-02-752-G

| | | |
|---|---|---|
| GILBERT LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF CAMERON COUNTY |
| | § | |
| AVENUE A, INC. | § | 404TH JUDICIAL DISTRICT |

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK
AUG 3 1 2001
DISTRICT COURT OF CAMERON COUNTY

## MOTION TO REINSTATE CAUSE OF ACTION AND FOR TRIAL SETTING

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **GILBERT LOPEZ**, Plaintiff in the above styled and numbered cause, by and through their attorney of record, and move this Court to remove the above-styled and numbered cause from the Court's Drop Docket and for a hearing for trial setting of the above cause.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
(956) 541-4981
(956) 504-3674 (Fax)

_____
Michael R. Cowen
State Bar No. 00795306

ATTORNEY FOR PLAINTIFF

# VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF CAMERON** §

Before me, a notary public, on this day personally appeared Michael R. Cowen,

known to me to be the person whose name is subscribed to the foregoing document

and, being by me first duly sworn, declared that the statements therein contained are

true and correct.

_____
Michael R. Cowen

**SUBSCRIBED AND SWORN TO** before me this 31st day of August, 2001.

_____
Notary Public, State of Texas

## CERTIFICATE OF SERVICE

On this the 31st day of August , 2001, a true and correct copy of the above

and foregoing Motion to Reinstate Cause of Action and for Trial Setting was sent to

opposing counsel as indicated below:

Eduardo Roberto Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
P. O. Box 2155
Brownsville, Tx. 78522

Lori Gillis
E. Clayton Lowe, Jr.
BURR & FORMAN, L.L.P.
P. O. Box 830719
Birmingham, Alabama  35283-0719

_____
Michael R. Cowen

CAUSE NO. 2001-02-752-G

| | | |
|---|---|---|
| GILBERT LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF CAMERON COUNTY |
| | § | |
| AVENUE A, INC. | § | 404TH JUDICIAL DISTRICT |

## <u>ORDER SETTING HEARING</u>

The above and foregoing Motion to Reinstate Cause of Action and for Trial

Setting is set for hearing on the _____day of _____, _____ at ____.m.

**SIGNED** this_____day of _____, 2001.

_____
JUDGE PRESIDING

xc:    Eduardo Roberto Rodriguez
       RODRIGUEZ, COLVIN & CHANEY, L.L.P.
       1201 E. Van Buren
       P. O. Box 2155
       Brownsville, Tx. 78522

       Lori Gillis
       E. Clayton Lowe, Jr.
       BURR & FORMAN, L.L.P.
       P. O. Box 830719
       Birmingham, Alabama  35283-0719

       Michael R. Cowen
       MICHAEL R. COWEN, P.C.
       765 E. 7TH Street
       Brownsville, Tx. 78520

CAUSE NO.  2001-02-0752-G

| GILBERT LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS | § | CAMERON COUNTY, TEXAS |
| | § | |
| AVENUE A, INC. | § | 404TH JUDICIAL DISTRICT |

## DROP DOCKET NOTICE

Notice is hereby given, pursuant to RULE 1.20 of the Revised Local Rules of Civil

Procedure, that the above styled and numbered cause has been placed on the Drop Docket.

The above cause will be dismissed if not reinstated by the Court within 30 days.  All motions

for reinstatement must contain a motion and proposed order setting hearing to set case for trial.


AURORA DE LA GARZA
DISTRICT CLERK

By _____
/Eloisa G. Guerrero


DATE: 01/15/02
NOTICE SENT TO:
HON. MICHAEL COWEN
HON. LORI GILLIS
HON. E. CLAYTON LOWE, JR.
HON. EDUARDO RODRIGUEZ

FILED ____:____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

JAN 15 2002

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

CAUSE NO. 2001-02-752-G

| | | |
|---|---|---|
| GILBERT LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF CAMERON COUNTY |
| | § | |
| AVENUE A, INC. | § | 404TH JUDICIAL DISTRICT |

## MOTION TO REINSTATE CAUSE OF ACTION AND FOR TRIAL SETTING

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **GILBERT LOPEZ**, Plaintiff in the above styled and numbered cause, by and through their attorney of record, and move this Court to remove the above-styled and numbered cause from the Court's Drop Docket and for a hearing for trial setting of the above cause.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
(956) 541-4981
(956) 504-3674 (Fax)

Michael R. Cowen
State Bar No. 00795306

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

On this the **23rd** day of January , 2002, a true and correct copy of the above and

foregoing Motion to Reinstate Cause of Action and for Trial Setting was sent to opposing

counsel as indicated below:

Eduardo Roberto Rodriguez        **Regular U.S. Mail**
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
P. O. Box 2155
Brownsville, Tx. 78522

Lori Gillis        **Regular U.S. Mail**
E. Clayton Lowe, Jr.
BURR & FORMAN, L.L.P.
P. O. Box 830719
Birmingham, Alabama  35283-0719

_____
Michael R. Cowen

CAUSE NO. 2001-02-752-G

| | | |
|---|---|---|
| GILBERT LOPEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | OF CAMERON COUNTY |
| | § | |
| AVENUE A, INC. | § | 404TH JUDICIAL DISTRICT |

## ORDER REINSTATING CAUSE OF ACTION AND FOR TRIAL SETTING

**PLAINTIFF'S MOTION TO REINSTATE CAUSE OF ACTION AND FOR**

**TRIAL SETTING** came to be considered by the Court, and the Court, having read the Motion,

is of the opinion that said Motion should be granted;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this cause is

removed from the Court's Drop Docket and it shall be reinstated on the regular docket of this

Court.

**IT IS ORDERED, ADJUDGED AND DECREED** that the above-styled and numbered

cause is set for trial *setting* on the ___20TH___, day of ___February___, 2002 at __9:00 a__.m.

~~with Announcements on the _____, day of _____, 2002 at _____.m.~~

**SIGNED** this __28t__ day of ___January___, 2002.

_____
JUDGE PRESIDING

*THIS HEARING WILL BE TELEPHONIC
& FOR PURPOSES OF SELECTING A TRIAL
DATE. Marcia 404th

Xc:  Eduardo Roberto Rodriguez
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
P. O. Box 2155
Brownsville, Tx. 78522

FILED ___1/02___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JAN 2 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

Lori Gillis
E. Clayton Lowe, Jr.
BURR & FORMAN, L.L.P.
P. O. Box 830719
Birmingham, Alabama  35283-0719

Michael R. Cowen
MICHAEL R. COWEN, P.C.
765 E. 7TH Street
Brownsville, Tx. 78520

# CAUSE NO. 2001-02-752-G

| | | |
|---|---|---|
| GILBERT LOPEZ | * | IN THE DISTRICT COURT |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| AVENUE A, INC. | * | 404th JUDICIAL DISTRICT |

## NOTICE TO THE DISTRICT CLERK OF FILING
## OF NOTICE OF REMOVAL

TO:   HONORABLE AURORA DE LA GARZA
      Cameron County District Clerk
      Cameron County Courthouse
      974 East Harrison
      Brownsville, Texas 78520

You will please take notice that Defendant Avenue A, Inc. has filed in the United States District Court for the Southern District of Texas, Brownsville Division, a notice of removal of the cause styled:   Gilbert Lopez v. Avenue A, Inc., originally filed in the 404th Judicial District Court of Cameron County, Texas, Cause Number 2001-02-752-G, to the United States District Court for the Southern District of Texas, Brownsville Division, and that a true and correct copy of said Notice of Removal is being filed with the Clerk of the 404th Judicial District Court to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said notice of removal is attached to this notice.

WITNESS the signature of Defendant, through their attorney, on this the _12_ day of February, 2002.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Edward Roberto Rodriguez 7 per RPR_

      Eduardo Roberto Rodriguez
Attorney-in-Charge
State Bar No. 17144000
Federal Admissions No. 1944
      Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
      R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
AVENUE A, INC.

OF COUNSEL:

David J. Burman
Washington State Bar No. 10611
Elizabeth A. Alaniz
Washington State Bar No. 21096
PERKINS COIE, L.L.P. - SEATTLE
1201 Third Avenue
Seattle, Washington 98101
(206) 583-8888
Fax (206) 583-8500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Notice to District Clerk of Filing of Notice of Removal was served upon all counsel of record, to-wit:

> Michael R. Cowen
> Michael R. Cowen, P.C.
> 765 East 7th Street, Suite A
> Brownsville, Texas 78520
> Attorneys for Plaintiff

> E. Clayton Lowe, Jr.
> Burr & Forman, L.L.P.
> Post Office Box 830719
> Birmingham, Alabama 35283-0719
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 1℀ day of February, 2002.

_____
R. Patrick Rodriguez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GILBERT LOPEZ | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-02- 025 |
| | * | |
| AVENUE A, INC. | * | |

## NOTICE TO THE PLAINTIFFS OF FILING
## OF NOTICE OF REMOVAL

TO:   GILBERT LOPEZ, Plaintiff, and his attorneys:

Michael R. Cowen
Michael R. Cowen, P.C.
765 East 7th Street, Suite A
Brownsville, Texas 78520

E. Clayton Lowe, Jr.
Burr & Forman, L.L.P.
Post Office Box 830719
Birmingham, Alabama 35283-0719

PURSUANT to Title 28 U.S.C., Section 1446(d), as amended, you are hereby notified that on the _l_ _2_ day of February, 2002, in the above styled and numbered cause (being Cause Number 2001-02-752-G in the 404th Judicial District Court of Cameron County, Texas), AVENUE A, INC. filed its Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division. Copies of such Notice and other papers so filed are attached hereto.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Eduardo Roberto Rodriguez y por R. Ruiz_
     Eduardo Roberto Rodriguez
Attorney-in-Charge
State Bar No. 17144000
Federal Admissions No. 1944
     Mitchell C. Chaney
State Bar No. 04107500

Federal Admissions No. 1918


R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
AVENUE A, INC.

OF COUNSEL:

David J. Burman
Washington State Bar No. 10611
Elizabeth A. Alaniz
Washington State Bar No. 21096
PERKINS COIE, L.L.P. - SEATTLE
1201 Third Avenue
Seattle, Washington 98101
(206) 583-8888
Fax (206) 583-8500

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GILBERT LOPEZ            *

                                *

VS.                        *       CIVIL ACTION NO. **B-02- 025**

                                *

AVENUE A, INC.          *

## <u>INDEX OF DOCUMENTS FILED</u>

1.    Civil Cover Sheet

2.    Notice of Removal with following attachments:

       a.     State Court's Docket Sheet
       b.     Plaintiff's Original Petition
       c.     Citation served on Avenue A, Inc.
       d.     Defendant Avenue A, Inc.'s Original Answer and Jury Demand
       e.     Drop Docket Notice (dated 8/28/01)
       f.     Motion to Reinstate Cause of Action and for Trial Setting (dated 8/31/01)
       g.     Drop Docket Notice (dated 1/15/02)
       h.     Motion to Reinstate Cause of Action and for Trial Setting (dated 1/23/02)
       i.     Order Reinstating Cause of Action and for Trial Setting

3.    Notice to Plaintiffs of Filing of Notice of Removal

4.    Notice to District Clerk of Filing of Notice of Removal

5.    Index of Attorneys

6.    Index of Documents Filed

7.    Order for Conference and Disclosure of Interested Parties

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

GILBERT LOPEZ     *
         *
VS.         *   CIVIL ACTION NO. **B-02- 025**
          *
AVENUE A, INC.     *

## INDEX OF ATTORNEYS

1.  Michael R. Cowen
   State Bar No. 00795306
   Federal Admissions No. unknown
   765 East 7th Street, Suite A
   Brownsville, Texas 78520
   (956) 546-5567
   Fax (956) 541-2205
   Attorneys for Plaintiff

2.  E. Clayton Lowe, Jr.
   Peter A. Grammas
   Burr & Forman, L.L.P.
   Post Office Box 830719
   Birmingham, Alabama 35283-0719
   (205) 254-3000
   Attorneys for Plaintiff

3.  Eduardo Roberto Rodriguez
   State Bar No. 17144000
   Federal Admissions No. 1944
   Mitchell C. Chaney
   State Bar No. 04107500
   Federal Admissions No. 1918
   R. Patrick Rodriguez
   State Bar No. 24002861
   Federal Admissions No. 22949
   Rodriguez, Colvin & Chaney, L.L.P.
   Post Office Box 2155
   Brownsville, Texas 78522
   (956) 542-7441
   Fax (956) 541-2170
   Attorneys for Defendant Avenue A, Inc.