6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GILBERT LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. B-02-025 |
| | ) | |
| AVENUE A, INC., | ) | |
| | ) | |
| Defendant. | | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND

COMES NOW the plaintiff, Gilbert Lopez ("plaintiff"), for himself and on behalf of the putative class, and submits the following Memorandum in Support of his Motion to Remand this action to the 404th Judicial District Court, Cameron County, Texas, from which it was improvidently removed by the Defendant Avenue A, Inc. ("Avenue A" or "Defendant").

### I. PROCEDURAL BACKGROUND

This action was commenced on February 13, 2001 in the 404th Judicial District Court, Cameron County, Texas, upon the filing of plaintiff's Original Petition ("the Petition"). The Petition states claims for common law invasion of privacy and for unjust enrichment. (Petition at pp. 16-17). It seeks compensatory damages and injunctive relief. (Id. at p. 18). The Petition also states that "Plaintiff and members of the class make no

claims in this lawsuit for exemplary or punitive damages, and the aggregate amount of each claim is less than $75,000.00." (Id. at p. 1).

Defendant was served with the Petition on February 27, 2001. Defendant served its Original Answer and Jury Demand on April 2, 2001.

On or about January 7, 2002, some ten months after being served with the Petition, defendant initiated its first and only effort at discovery in this case by serving plaintiff with "Defendant's First Set of Requests for Admissions". Plaintiff timely responded to such requests on February 7, 2002. (A copy of Plaintiff's Responses is attached to Defendant's Notice of Removal.)

Defendant filed its Notice of Removal on February 12, 2002. As the sole basis for its belated removal, defendant mistakenly contends that plaintiff's "recent discovery responses now confirm that plaintiff nevertheless believes that a proper damage award could exceed $75,000.00." (Notice of Removal, p. 2 at ¶ 7).

It is uncontested that complete diversity of citizenship exists in this matter. Therefore, the jurisdictional issue at hand focuses on whether this case meets the amount in controversy requirement of 28 U.S.C. § 1332(a). As the Court knows, neither compensatory nor punitive damage claims may be aggregated among the class members to reach the $75,000 threshold. See Zahn v. International Paper Co., 414 U.S. 291 (1973) (no aggregation of compensatory damages); H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc., 250 F.3d 302 (5th Cir. 2001) (rejecting aggregation of punitive

2

damages under Texas law). As shown below, defendant has not satisfied its burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interest and costs as to the named Plaintiff and thus, the Court lacks original jurisdiction over the action, and therefore there is no need to address any issues of supplemental jurisdiction. But in any event, defendant's Notice of Removal is untimely under 28 U.S.C. § 1446(b).

## I. STANDARD OF REVIEW

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The court is to "consider the claims in the state court petition as they existed at the time of removal." (Id.) "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." (Id.) Indeed, "courts must construe removal statutes 'narrowly, with doubts resolved in favor of remand to the state court.'" Deaker v. Biell Helicopter Textron, Inc., 1995 WL 559359 (S.D. Tex. 1994).

The court "ordinarily consult[s] the state court petition to determine the amount in controversy." Manguno, 276 F.3d at 723. If the petition does not contain a specific monetary demand, then the removing party "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00." (Id.) Two methods are generally recognized for meeting this requirement: "(1) It is apparent from the face of the Petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant

3

sets forth 'summary judgment type evidence of facts in controversy that support a finding of the prerequisite amount.' " (Id.) Indeed, "the defendant must produce evidence that establishes that the actual amount in controversy exceeds [$75,000.00]." DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

A. **Defendant Has Failed To Establish That The Amount In Controversy Requirement Has Been Met As To The Named Plaintiff.**

Plaintiff's Petition arises from defendant's surreptitious monitoring of web surfing habits of internet users such as plaintiff and thereafter selling or otherwise utilizing the information for defendant's economic gain. The Petition legitimately states that the aggregate amount of Plaintiff's and each class member's claim against defendant is less than $75,000.00 (Petition at p. 1). Actually, it is highly unlikely that defendant derived anywhere near $75,000.00 in economic benefit from the information it obtained regarding the plaintiff or any individual class member. It is also highly unlikely that the plaintiff or any single class member suffered anywhere near $75,000.00 in actual damages as a result of defendant's conduct. In sum, it is "facially apparent" from the Petition that the claims of the named plaintiff do not exceed $75,000.00, nor is it even likely that any class member's claim exceeds $75,000.00.

In any event, defendant now argues -- some eleven months after the Petition was filed -- that it has met its burden for removal because plaintiff has failed to stipulate that the amount in controversy does not exceed $75,000.00. (Notice at p. 3, ¶ 8). Defendant supports this argument by referring to the statement contained in DeAguilar v. Boeing

4

Co., 47 F.3d at 1412, that "litigants who want to prevent removal must file a binding stipulation or affidavit <u>with their complaints</u>...." (Citation omitted) (Emphasis added).[1]

In an effort to remedy its failure to raise this argument some eleven months ago, defendant on January 12, 2002 served plaintiff with six requests for admission which purported to obtain admissions not only from plaintiff, but from "the members of the class", regarding the maximum amount of damages acceptable by plaintiff and the class. (See Request for Admissions attached to Defendant's Notice of Removal.) Defendant contends that plaintiff's denial of certain requests constitutes evidence that plaintiff "refuses to admit" that he "will not accept a jury award exceeding $75,000.00" and that he will not "stipulate to accept [less] than $75,000.00 in total damages per individual." (Notice, pp. 2-3 at ¶ 7).

Defendant's summary of the plaintiff's responses misstates the responses in at least a couple of ways. First, defendant fails to recognize that plaintiff <u>admits</u> that "plaintiff and the members of the class he seeks to represent do not seek in excess of $75,000.00 in total damages per individual, exclusive of interest and costs." (Request for Admission Response No. 3). This obviously negates defendant's contrary argument.

Second, the two requests apparently relied upon by the defendant, Request Nos. 5 and 6, are too general and overbroad to elicit the response desired and suggested by defendant. Specifically, Requests 5 and 6 seek an admission that "plaintiff and the

---

[1] Of course, the lack of a formal stipulation should have been apparent to defendant for over eleven months now. As discussed below, defendant's effort to remove on this basis is untimely under 28 U.S.C. § 1446(b).

5

members of the class he seeks to represent will not accept a jury award exceeding $75,000.00 in total damages per individual, exclusive of interests and costs" and that they will "irrevocably stipulate to accept no more than $75,000.00 in total damages per individual in any trial. . . ." Although the question was never asked, Plaintiff would admit to this <u>individually</u>. And that should end the inquiry, because once the named Plaintiff makes that stipulation, it becomes apparent that this Court lacks original jurisdiction over the claims of the named Plaintiff and hence, the case was not properly removed. But Plaintiff should not admit to this on behalf of absent class members – which was the subject of the request -- when this case has not been certified as a class action. Unless and until a class is certified, and it is certified with a $75,000.00 limitation of claims as stated by the Petition, and each class member is afforded an opportunity to opt out of the class, the plaintiff, as the representative of a putative class, should not have the authority to bind absent class members to a future hypothetical jury award of any amount or to stipulate "not to accept" a hypothetical jury award of no more than $75,000.00. Indeed, Defendant has cited no authority for the proposition that counsel could effectively make such a stipulation on behalf of absent class members. The plaintiff has legitimately stated in the petition that his individual claims do not exceed $75,000.[2] If at some point in the future, a class member elects to opt out of this case and not be bound by the limitations in the pleadings, that class member should not be bound by defendant's belated requests for

---

[2] Futhermore, there is no showing by defendant that plaintiff's allegations regarding damages are made in bad faith.

6

admission. Therefore, plaintiff properly denied the subject requests and such denials cannot serve as "a preponderance of evidence" that the amount in controversy in this case exceeds $75,000.00.

There is no evidence revealing that plaintiff is actually seeking in excess of $75,000.00. Indeed, the pleadings and the "evidence" are to the contrary. Accordingly, defendant has failed to establish by a preponderance of the evidence that the amount in controversy requirement has been satisfied.

B.   **Defendant's Notice Of Removal Is Untimely.**

Defendant's sole basis for removal is that plaintiff has not formally stipulated to accept no more than $75,000.00 in damages in this case. Even though the Petition in this matter is "facially apparent" that the amount in controversy does not exceed $75,000.00 for the named plaintiff or for any particular putative class member, defendant contends that DeAguilar, 47 F.3d 1404, required plaintiff to enter into such a formal stipulation at the time of filing the complaint or face removal. If such a stipulation is indeed required under DeAguilar, it was required to be filed "with the complaint." 47 F.3d at 1412. Thus, defendant was on notice at the point of receiving the Petition, i.e., February 14, 2001, that no such stipulation had been filed. Therefore, defendant's time for removal on this basis expired thirty days thereafter on March 29, 2001. See, 28 U.S.C. § 1446(b).

On February 27, 2001, when defendant was served with the Petition, it received notice that plaintiff had not filed with the Petition the "stipulation" that defendant alleges

7

is required by DeAguilar. Thus, defendant's last day for removal based on this "lack of stipulation" issue was March 29, 2001. Defendant's Notice of Removal filed February 12, 2002, is, therefore, untimely. Defendant's failure to timely comply with 28 U.S.C. § 1446(b) was not remedied by plaintiff's responses to defendant's belated requests for admission. Accordingly, this case is due to be remanded.

### III. CONCLUSION

This action is not an action arising under the United States Constitution, laws or treatises thereof. 28 U.S.C. § 1331. Plaintiff asserts only claims arising under Texas common law. Because diversity jurisdiction does not exist under 28 U.S.C. § 1332, this court lacks subject matter jurisdiction and this action is not one for which removal is contemplated by 28 U.S.C. § 1441(a).

WHEREFORE, plaintiff respectfully requests the Court to enter an order remanding this action to the 404th Judicial District Court of Cameron County, Texas, from which it was improvidently removed, and for such further and additional relief as the Court may deem appropriate, including an award of costs, attorney's fees and expenses pursuant to 28 U.S.C. § 1447(c).

                                                      Respectfully submitted,

                                                     /s/ Michael R. Cowen

                                                     Michael R. Cowen
                                                     Federal I.D. No. 19967
                                                     Texas Bar No. 00795306

**OF COUNSEL:**

Michael R. Cowen, P.C.
Texas State Bar No. 00795306
765 East 7th Street, Suite A
Brownsville, Texas 78520
(956) 504-4981 (Office)
(956) 504-3674 (facsimile)

**OF COUNSEL:**

E. Clayton Lowe, Jr.
Texas State Bar No. 24033665
BURR & FORMAN, LLP
P. O. Box 830719
Birmingham, Alabama 35283-0719
(205) 251-3000 (Office)
(205) 458-5100 (facsimile)

**Attorneys for Plaintiff**

9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing *Plaintiff's Memorandum in Support of Motion to Remand* has been served on the following counsel of record:

>Eduardo Roberto Rodriquez, Esq.
>Mitchell C. Chaney, Esq.
>Rodriguez, Colvin & Chaney, LLP
>1201 East Van Buren
>Post Office Box 2155
>Brownsville, Texas 78522
>
>David J. Burman, Esq.
>Elizabeth A. Alaniz, Esq.
>Perkins, Coie, LLP
>1201 Third Avenue
>Seattle, Washington 98101

by placing same in the United States mail, properly addressed and postage prepaid, this \_\_4th\_\_ day of \_\_March\_\_, 2002.

_____
OF COUNSEL

10