United States District Court
Southern District of Texas
FILED

MAY 2 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GILBERT LOPEZ,<br><br>        Plaintiff,<br><br>v.<br><br>AVENUE A, INC.,<br><br>        Defendant. | CIVIL ACTION NO. B-02-25<br><br>JOINT DISCOVERY/CASE MANAGEMENT PLAN |

## I. BACKGROUND REGARDING SETTLEMENT NEGOTIATIONS

Initially, the parties would like to provide the Court with relevant background information regarding the present lawsuit, and other similar litigation currently pending against Avenue A, Inc. (hereinafter "Defendant" or "Avenue A"). As noted in answer to question no. 2 (below), Avenue A has been named as a defendant in two similar cases currently pending in other jurisdictions. In connection with these other suits, the parties are currently engaged in serious and intensive settlement discussions in the formal context of the Ninth Circuit mediation process. The parties are extremely hopeful that, as a result of this process, all cases against Avenue A—including this lawsuit—will be finally and fully resolved by settlement very soon.

In this respect, the Court should be informed that a series of similar lawsuits against Doubleclick, another marketing service and technology company that utilizes the Internet, were brought by the same group of attorneys who have sued Avenue A. The Doubleclick litigation has recently been resolved by a nationwide class action settlement that is in the

process of final court approval. The final approval hearing for the Doubleclick litigation is scheduled for May 21, 2002.

In light of these ongoing settlement negotiations, the parties respectfully requests that the Court re-set the Initial Pretrial Conference for a date at least 120 days beyond the current June 4, 2002 setting. The continuance of the Initial Pretrial Conference is not sought for delay. Rather, in light of their guarded optimism that this case will be resolved in connection with the Ninth Circuit mediation, the parties would prefer not to unnecessarily burden this Court and to avoid engaging in what will most likely be difficult, time consuming and costly document discovery.

Should this case not settle, however, the parties agree to meet, confer and submit an agreed joint case management/discovery plan with a proposed discovery schedule for the Court's consideration within 30 days after conclusion of the mediation process, but no later than July 30, 2002. In the event the parties cannot agree on such a schedule, individual proposed schedules will be submitted.

However, should the Court prefer not to wait on the outcome of the Ninth Circuit mediation process, Defendant will promptly confer with Plaintiff and provide the Court with an amended Joint Discovery/Case Management Plan that addresses the issues set forth below with greater specificity. The parties will provide the amended Joint Discovery/Case Management Plan within 30 days following the Initial Pretrial Conference.

## II.   RESPONSES TO JOINT DISCOVERY/CASE MANAGEMENT PLAN QUESTIONS

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The parties met on May 21, 2002 at the offices of Rodriguez, Colvin & Chaney, L.L.P. Michael Cowen was present representing Plaintiff and R. Patrick Rodriguez was present representing Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    (a) <u>Johnnalee Garcia, et al. v. Avenue A, Inc., et al.</u> Case No. RCV058277; Superior Court of the State of California, County of San Bernardino, Rancho Cucamonga Division; and

    (b) <u>Chance et al. v. Avenue A, Inc.</u>, U.S. Court of Appeals for the Ninth Circuit No. 01-35969.

3. **Specify the allegation of federal jurisdiction.**

    Defendant contends that since Plaintiff alleges in his Original Petition that he is a resident of Cameron County, Texas. It must therefore be assumed that Plaintiff is a citizen of Texas. Defendant is a foreign corporation, duly incorporated in the State of Washington, with its principal place of business in Seattle, Washington, and this case involves an amount in controversy in excess of $75,000.00. Thus, there is diversity jurisdiction under 28 U.S.C. § 1332.

4. **Name the parties who disagree and the reasons.**

    Plaintiff disagrees and has filed a motion to remand this action to state court.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None anticipated at this time.

6. **List anticipated interventions.**

None anticipated at this time.

7. **Describe class-action issues.**

Plaintiff seeks certification of a statewide class defined as follows:

> . . . all users (the "Class") of the internet in Texas who have had any Avenue A cookies deposited on their computers from Avenue A's internet advertising products and services."

(Plaintiff's Original Petition, at 4.)

Defendant denies that the proposed class meets the requirements of Rule 23, denies that the above is an appropriate class definition, and contends that certification of a class in this action would be unmanageable and in contravention of applicable case law in the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court. Defendant reserves the right after discovery to assert any and all defenses with respect to class issues, including but not limited to plaintiff's suitability as a class representative.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

For the reasons set forth above in the section entitled "Background to Settlement Negotiations", neither Defendant nor Plaintiff has made their initial disclosures required by Rule 26(a).

Should the Court grant Plaintiff's and Defendant's Agreed Motion to Reschedule Initial Pretrial Conference, the parties have agreed to meet, confer and submit an amended, agreed joint case management/discovery plan with a proposed discovery schedule for the

Court's consideration within 30 days after conclusion of the mediation process, but no later than July 30, 2002. If said motion is denied, the parties have agreed to make their initial disclosures by July 31, 2002.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   **Plaintiffs' response:**

   Plaintiff proposes that the Court set a date for a class certification motion, and that all deadlines be based on the date of the class certification hearing.

   Plaintiff proposes a discovery deadline (for class certification discovery) of 30 days prior to the class certification hearing, a Defendant expert designation deadline of 60 days prior to the class certification hearing, and a Plaintiff expert designation deadline of 90 days prior to the class certification hearing.

   **Defendants' response:**

   For the reasons set forth above in the section entitled "Background to Settlement Negotiations", the parties have not yet reached an agreement regarding a discovery plan for this action.

   However, should the Court prefer not to wait on the outcome of the Ninth Circuit mediation process, Defendant proposes that discovery on the merits be stayed pending the resolution of the issue of class certification. Defendant suggests the class action issue be addressed on the following schedule, beginning at whatever starting point the Court deems appropriate.

| | |
|---|---|
| Deadline for amendments to the proposed class definition: | 11 days after the starting point of the schedule |
| Plaintiff's expert disclosures and reports on class certification issues: | 60 days after amendments |
| Deposition of Plaintiff's class certification experts to be concluded: | 30 days after deadline for Plaintiff's expert disclosures and reports on class certification issues. |
| Defendant's expert disclosures and reports on class certification issues: | 60 days after depositions of Plaintiff's class certification experts concluded |
| Deposition of Defendant's class certification experts to be concluded: | 30 days after Defendant's expert disclosures and reports on class certification |
| Plaintiff's motion for class certification and Defendant's Motion for Summary Judgment,[1] if any, due: | 14 days after conclusion of Defendant's experts' depositions |
| Briefing to follow local rules | Responses to motions due 30 days after motion filed. Reply due 45 days after motion filed. |
| Hearing on class certification and Defendant's Motion for Summary Judgment: | On date to be set by Court |

Following the Court's ruling on class certification, a new pretrial schedule governing merits discovery, additional dispositive motion practice and trial can (if necessary) be promulgated.

---

[1] Defendant anticipates that the issues can be narrowed or resolved by way of summary judgment prior to or in conjunction with resolution of the class certification issue.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

If the 9th Circuit mediation process is unsuccessful, Plaintiff will send interrogatories to Defendant.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Please see initial section entitled "Background to Settlement Negotiations" above. However, should the Court prefer not to wait on the outcome of the Ninth Circuit mediation process, Defendant anticipates sending interrogatories to Gilbert Lopez, class representative, within one month after receiving Plaintiff's Rule 26 initial disclosures.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

If the 9th Circuit mediation process is unsuccessful, Plaintiff will depose various employees and experts of Defendant.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Please see initial section entitled "Background to Settlement Negotiations" above. However, should the Court prefer not to wait on the outcome of the Ninth Circuit mediation process, Defendant anticipates taking the deposition of all fact witnesses disclosed by Plaintiff in either his Rule 26 initial disclosures, discovery responses and/or deposition within six months of receiving Plaintiff's Rule 26 initial disclosures. Defendant also anticipates taking the deposition of all experts designated by Plaintiff in this litigation within 60 days of the date that Plaintiff produces said experts' written report.

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

**Plaintiff's Response:**

See Plaintiff's response to 9(A).

**Defendant's Response:**

Please see initial section entitled "Background to Settlement Negotiations" above. However, should the Court prefer not to wait on the outcome of the Ninth Circuit mediation process, Defendant will designate responsive experts within 45 days of Plaintiff's designation of experts, and will provide reports within 90 days of the date that Defendant receives all of Plaintiff's experts' reports.

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(b) (expert report).**

Plaintiff anticipates deposing all of Defendant's experts by the completion of the discovery period.

H.  **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(b) (expert report).**

Please see initial section entitled "Background to Settlement Negotiations" above. However, should the Court prefer not to wait on the outcome of the Ninth Circuit mediation process, Defendant anticipates deposing each expert named by Plaintiff within 60 days of the date that Plaintiff produces each expert's written report.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.**

   **Plaintiff's response:**

   To the extent Plaintiff is not in agreement with Defendant, Plaintiff's position is set forth above.

   **Defendant's response:**

   For the reasons set forth above in section entitled, "Background to Settlement Negotiations", Defendant is not aware of Plaintiff's proposed discovery plan and therefore is unable to specify the aspects of Plaintiff's plan that it opposes.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

   Defendant propounded Requests for Admissions, and Plaintiff responded to these Requests prior to removal of this action to Federal Court.
   In light of the ongoing settlement negotiations, additional discovery has not taken place.

12. **State the date the planned discovery can reasonably be completed.**

   Please see initial section entitled "Background to Settlement Negotiations" above. However, should the Court prefer not to wait on the outcome of the Ninth Circuit mediation process, the parties respectfully request that a determination of the date that all discovery in this can be reasonably completed be deferred until after the Court determines the class certification issues. That is, the parties respectfully propose that the determination of the deadline for merits discovery be deferred until after the Court has determined whether this

case involves the claims of one individual or millions of Internet users throughout Texas, and that trial of a class of such users would be unmanageable.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

   Please see initial section entitled "Background to Settlement Negotiations" above. In light of the ongoing settlement discussions, prompt resolution of this case is possible.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   Please see response to Question 13 (above).

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

   In light of the settlement discussions and negotiations ongoing in the Ninth Circuit mediation process, the parties believe that no additional alternative dispute resolution is appropriate for this case at this time.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   The parties have not agreed to trial before a Magistrate Judge.

17. **State whether a jury demand has been made and if it was made on time.**

   Yes, a timely jury trial demand was made.

18. **Specify the number of hours it will take to present the evidence in this case.**

Unknown at this time. However, Defendant states that a trial on the merits would be unmanageable if it involved a class of Texas Internet users. If class certification is denied, which Defendant respectfully submits is consistent with applicable case law in the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court, an individual action could likely be completed in approximately 90 hours.

If a class is certified as Plaintiff contends is proper, Plaintiff estimates that a trial on the merits would take approximately 90 hours.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Motion to Remand.

**20. List other motions pending.**

None at this time.

**21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

As detailed in the initial section entitled "Background to Settlement Negotiations", the parties are currently engaged in serious and intensive settlement discussion in the formal context of the Ninth Circuit mediation process. Accordingly, the parties are extremely hopeful that all cases against Avenue A – including this lawsuit – will be resolved by settlement, thereby obviating the need for any discovery schedule.

Given the parties' optimism that this case may be settled in connection with the settlement negotiations ongoing in the Ninth Circuit mediation process, the parties requests that the Court re-set the Initial Pretrial Conference for a date at least 120 days beyond the

current June 4, 2002 setting. Should this case not settle, however, the parties agree to meet, confer and submit an agreed joint case management/discovery plan with a proposed discovery schedule for the Court's consideration within 30 days after conclusion of the mediation process, but no later than July 30, 2002. In the event the parties cannot agree on such a schedule, individual proposed schedules will be submitted.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    1.    Michael R. Cowen
           State Bar No. 00795306
           Federal Admissions No. 19967
           765 East 7th Street, Suite A
           Brownsville, Texas 78520
           (956) 546-5567
           Fax (956) 541-2205
               Attorney for Plaintiff

    2.    E. Clayton Lowe, Jr.
           Peter A. Grammas
           Burr & Forman, L.L.P.
           Post Office Box 830719
           Birmingham, Alabama 35283-0719
           (205) 254-3000
               Attorneys for Plaintiff

3.     Eduardo Roberto Rodriguez
    State Bar No. 17144000
    Federal Admissions No. 1944
    Attorney-in-charge
    Mitchell C. Chaney
    State Bar No. 04107500
    Federal Admissions No. 1918
    R. Patrick Rodriguez
    State Bar No. 24002861
    Federal Admissions No. 22949
    Rodriguez, Colvin & Chaney, L.L.P.
    Post Office Box 2155
    Brownsville, Texas 78522
    (956) 542-7441
    Fax (956) 541-2170
        Attorneys for Defendant Avenue A, Inc.

4.     David J. Burman
    Washington State Bar No. 10611
    Elizabeth A. Alaniz
    Washington State Bar No. 21096
    Noah A. Levine
    Washington State Bar No. 31275
    Perkins Coie, L.L.P. – Seattle
    1201 Third Avenue
    Seattle, Washington 98101
    (206) 583-8888
    Fax (206) 583-8500
        Attorneys for Defendant Avenue A, Inc.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

By: _____
Eduardo Roberto Rodriguez
Attorney-in-Charge
State Bar No. 17144000
Federal Admissions No. 1944
Mitchell C. Chaney
State Bar No. 04107500
Federal Admissions No. 1918
R. Patrick Rodriguez
State Bar No. 24002861
Federal Admissions No. 22949

ATTORNEYS FOR DEFENDANT, AVENUE A, INC.

OF COUNSEL:

Noah A. Levine
Washington State Bar No. 31275
David J. Burman
Washington State Bar No. 10611
Elizabeth A. Alaniz
Washington State Bar No. 21096
PERKINS COIE, LLP
1201 Third Avenue
Seattle, Washington 98101
(206) 583-8888
Fax (206) 583-8500

Respectfully submitted,

By: *[signature]*
Michael R. Cowen
Federal I.D. No. 19967
Texas Bar No. 00795306
765 East 7th Street, Suite A
Brownsville, Texas 78520
(956) 504-4981
(956) 504-3674

OF COUNSEL:

E. Clayton Lowe, Jr.
Texas State Bar No. 24033665
BURR & FORMAN, L.L.P.
P.O. BOX 830719
Birmingham, Alabama 35283-0719
(205) 251-3000
(205) 458-5100 (facsimile)

ATTORNEYS FOR PLAINTIFF, GILBERT LOPEZ