IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 3 1 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| GILBERT LOPEZ, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. B-02-25 |
| | § |
| AVENUE A, INC., | § |
| | § |
| Defendant. | § |

## ORDER

BE IT REMEMBERED that on July 31, 2002, the Court **GRANTED** Plaintiff's Motion to Remand [Dkt. No. 5].

I.  Background

Plaintiff, a resident of Cameron County, Texas, brings suit on behalf of himself and a purported class of similarly situated individuals in the state of Texas. [See Dkt. No. 1, Attachment: Plaintiff's Original Petition ("Original Petition") at 1]. Defendant is a Washington corporation that provides internet advertising products and services [Id. at 3-4]. Plaintiff alleges that Defendant monitored individuals' use of the internet by using "cookies," small pieces of computer code, and created profiles of these users' internet use [Id. at 1-2]. Plaintiff asserts two causes of action – common law invasion of privacy and unjust enrichment [Id. at 16-17].

Plaintiff's Original Petition was filed with the 404th Judicial District Court, Cameron County, Texas in February 2001. [See Original Petition]. Defendant filed a notice of removal to this Court on February 12, 2002, asserting diversity of the Parties and an amount in controversy exceeding $75,000. Plaintiff thereafter moved to remand, claiming that the amount in controversy does not exceed $75,000 and that the notice of removal was not timely filed. [See Dkt. No. 5 at 1].

II.     <u>Preponderance</u>

Defendant has the burden to show that the amount in controversy meets the jurisdictional requirement. 28 U.S.C. §1441(a). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" <u>Horton v. Liberty Mutual Ins. Co.</u>, 367 U.S. 348 (1961). Defendant has the burden to show by a preponderance that the amount in controversy exceeds the jurisdictional amount of $75,000.00. See <u>Aguilar v. Boeing</u>, 47 F.3d 1404, 1412 (5th Cir. 1995). The Court may use "common sense" in making the amount of controversy determination. See <u>Williams v. State Farm Mut. Auto Ins. Co.</u>, 931 F. Supp. 469, 472 (S.D. Tex. 1995).

Defendant has not met its burden of showing by a preponderance that the amount in controversy exceeds the jurisdictional amount. Plaintiff's Petition specifically states that "Plaintiff and members of the class make no claims in this lawsuit for exemplary or punitive damages, and the aggregate amount of each claim is less than $75,000.00." [See Dkt. No. 1, Attach. Original Petition at 1]. In response, Defendant argues that if the Plaintiff and the putative class prevail on their privacy claim, they could recover damages for "(1) the harm to the specific interest in privacy resulting from the invasion, (2) mental distress . . ., and (3) special damages." [See Dkt. No. 7 at 8]. The Defendant "admits that it is uncertain whether the nature of the relief sought in the Petition could, standing alone, show by a preponderance of the evidence the removability of the action." <u>Id</u>. at 11. Instead, Defendants, relying on <u>Aguilar</u>, seek to demonstrate that Plaintiff and the putative class members are seeking damages greater than $75,000.00 because in Defendant's Requests for Admission, numbers 2, 5, and 6, the Plaintiffs refuse to admit they will not amend their petition to add claims for exemplary or punitive damages, refuse to admit they would not accept a jury award greater than $75,000.00 per individual and refuse to admit they will stipulate to accept no more than $75,000.00 per individual. <u>Id</u>. at 8.

Defendant cannot, however, shift the burden to Plaintiff before showing by a preponderance that the amount in controversy exceeds the jurisdictional amount. Here,

the nature of any damage award is totally speculative and Defendant has failed to meet this initial burden.

### III.   Timing of Removal

Defendant's notice of removal was timely filed under 28 U.S.C. § 1446(b). In relevant part, § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The potential removability of this action first became ascertainable by the Defendant on February 7, 2002, when Plaintiff served the responses to Defendant's Requests for Admission in which Plaintiff refused to make several admissions that led Defendant to conclude that the jurisdictional requirement might be met. The removal is therefore timely.

### IV.   Conclusion

Although the removal was timely filed, Defendant has met not its burden of showing by a preponderance that the amount in controversy exceeds the jurisdictional amount. Plaintiff's Motion to Remand [Dkt. No. 5] is therefore **GRANTED**.

DONE at Brownsville, Texas, this 31st day of July 2002.

_____
Hilda G. Tagle
United States District Judge